UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE COURTSAL CUSTER,<br><br>　　　　　Petitioner,<br><br>　　　　v.<br><br>JAMES D. HARTLEY, Warden,<br><br>　　　　　Respondent. | NO. CV 09-95-JVS (AGR)<br><br>ORDER TO SHOW CAUSE WHY GROUNDS ONE AND TWO SHOULD NOT BE DISMISSED |

　　　For the reasons discussed below, the Court orders Petitioner to show cause, on or before ***July 24, 2009***, why the Court should not recommend dismissal of Grounds One and Two of the petition because they fail to state a federal claim.

**I.**

**SUMMARY OF PROCEEDINGS**

　　　On May 17, 2007, Petitioner pled no contest to failing to update registration

annually. (Lodged Document ("LD") 1 at 1, 8.)[1] Petitioner also admitted that he had a prior strike conviction. (*Id.* at 8.) On June 5, 2007, Petitioner's motion to withdraw the plea was denied, and he was sentenced to 32 months in prison.[2] (LD 2, 3.)

On December 4, 2007, Petitioner filed a habeas petition in Los Angeles County Superior Court, which was denied on December 12, 2007. (LD 4,6.) On January 8, 2008, Petitioner filed a habeas petition in the California Court of Appeal, which was denied on April 10, 2008. (LD 7, 8.) On May 2, 2008, Petitioner filed a habeas petition in the California Supreme Court, which was denied on June 18, 2008. (LD 9, 10.)

On July 24, 2008, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 in the Eastern District of California in which he raised three grounds. On January 5, 2009, the Eastern District transferred the case to the Central District.

On May 6, 2009, Respondent filed a motion to dismiss based on failure to exhaust. On May 19, 2009, Petitioner filed an opposition.

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

---

[1] Petitioner was convicted of violating Cal. Penal Code § 290(a)(1)(D) (LD 3), which at the time, provided: "Beginning on his or her first birthday following registration or change of address, the person shall be required to register annually, within five working days of his or her birthday, to update his or her registration with the entities described in subparagraph (A). At the annual update, the person shall provide current information as required on the Department of Justice annual update form, including the information described in subparagraphs (A) to (C), inclusive, of paragraph (2) of subdivision (e)."

[2] On May 19, 2009, Petitioner filed a Notice of Change Address indicating that he will be released from prison and living in Montana effective June 20, 2009.

2

A district court must "entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"); *Reed v. Farley*, 512 U.S. 339, 347, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994) (same); *Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991) (same).

Petitioner raises three grounds for relief both in the California Supreme Court and here. None of the grounds in the state habeas petition refers to a federal claim, the Federal Constitution, federal statutes, federal case law, or state case law analyzing federal constitutional issues.

Instead, Petitioner focuses only on proving that he is not a California resident. In Ground One, Petitioner claims he was "not a resident or living anywhere even remotely close to this state from 2002-2006." (Petition at 5.) In Ground Two, Petitioner claims that he rejected the plea agreement, but his demand for trial "went unheard." (*Id.*) In Ground Three, Petitioner claims that his counsel in California was "completely incompetent! She refused to defend me and said she couldn't!"[3] (*Id.* at 6.)

Grounds One and Two do not state a ground for relief based on violation of the Constitution or federal law.

---

[3] Ground Three arguably presents a claim for ineffective assistance of counsel. Petitioner claims that his counsel gave him incorrect legal advice. (Petition, Attached Calif. Supreme Ct. habeas petition at 4.) Petitioner's state habeas petition explains that the public defender said he would have to register in California even though he did not live here. (*Id.*) Petitioner does not provide any legal authority for his contrary interpretation of California law at the time of his offense. The Court notes that current reporting requirements for persons moving out of state are included in Cal. Penal Code §§ 290.013, 290.015.

3

## III.

## **ORDER**

IT IS THEREFORE ORDERED that, on or before ***July 24, 2009***, Petitioner show cause why this Court should not recommend dismissal of Grounds One and Two for failure to state a federal claim.

***Petitioner is cautioned that if he does not timely respond to this Order to Show Cause, the Court will recommend dismissal of the first two grounds.***

DATED: June 24, 2009

*/s/ Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge